UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEITH GREENE,                          )
                                       )
                  Petitioner,          )        Case No. 1:08-cv-351
                                       )
v.                                     )        Honorable Janet T. Neff
                                       )
THOMAS K. BELL,                        )
                                       )        **REPORT AND RECOMMENDATION**
                  Respondent.          )
_____)

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.

Petitioner is serving a sentence of 10½-to-25 years on an armed robbery conviction.  The sentence

was imposed by the Kalamazoo County Circuit Court on April 7, 2005, after a jury found petitioner

guilty on the armed robbery charge, as well as a charge of assaulting a police officer.  Petitioner

raised five claims on direct appeal in the Michigan Court of Appeals without success.  He then filed

an application for leave to appeal to the Michigan Supreme Court, raising the same five claims, in

addition to two new claims.  After the state Supreme Court denied leave to appeal, petitioner

initiated the present habeas corpus action on April 16, 2008.

In answer to the petition, respondent filed a motion to dismiss (docket # 8), alleging

that petitioner had failed to exhaust state remedies with regard to the two new claims raised for the

first time in the state Supreme Court.  After review of the motion to dismiss, I entered an order to

show cause in light of the ambiguity of the petition.  The order to show cause (docket # 9) required

petitioner to specifically identify those claims he intends to raise in his habeas corpus petition and

to clarify whether he indeed intended to raise the two "new claims" which he had not presented to the state Court of Appeals. Petitioner filed a response (docket # 20), clarifying that he indeed wished to raise the two new claims. Petitioner also filed a motion to stay this habeas corpus proceeding, to allow him to return to the state courts to seek relief on the two new claims. (docket # 10). In his motion, petitioner concedes that those claims were not properly exhausted in the state appellate courts. Respondent has not filed any objection to the motion to stay.

For the reasons set forth below, I recommend that petitioner's motion to stay be granted and that the motion to dismiss be denied.

### Discussion

In his direct appeal to the Michigan Court of Appeals, petitioner raised five claims.

(1)    ineffective assistance of counsel for failing to raise and preserve the defenses of temporary insanity and alibi;

(2)    due process violation at sentencing;

(3)    Eighth Amendment violation at sentencing;

(4)    insufficiency of the evidence to prove armed robbery; and

(5)    due process violation arising from suggestive identification and ineffective assistance of counsel for failing to move to suppress the line-up.

The Michigan Court of Appeals rejected all five issues by *per curiam* opinion issued November 21, 2006. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. The application raised the previous five issues, as well as two new claims: (6) Sixth Amendment violation arising from the denial of counsel at critical stages of pretrial and sentencing; and (7)

-2-

ineffective assistance of appellate counsel.  On May 4, 2007, the Michigan Supreme Court remanded the case for resentencing on a state Guideline issue and denied leave to appeal as to all other claims.

On April 16, 2008, petitioner filed his original habeas corpus petition, within the one-year period allowed by 28 U.S.C. § 2244(d)(1).  Petitioner has now clarified that he seeks to raise the two claims which he had presented only to the state Supreme Court.  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  *See* 28 U.S.C. § 2254(b)(1).  The exhaustion requirement obliges a petitioner to "fairly present" federal claims to all levels of the state appellate system, including the state's highest court.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *accord Mauk v. Lanier*, 484 F.3d 1352, 1357-58 (11th Cir. 2007); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997). Petitioner admits that he has failed to exhaust state remedies with regard to these two claims.

Petitioner has therefore presented a "mixed petition," that is, one presenting both exhausted and unexhausted claims.  Under *Rose v. Lundy*, 455 U.S. 509 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to the state courts to exhaust remedies.  After the habeas corpus statute was amended to impose a one-year statute of limitations on habeas claims, 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This became particularly apparent after the

Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the one-year limitations period is not tolled during the pendency of a federal habeas petition.  To prevent loss of habeas claims, the Sixth Circuit adopted a stay and abeyance procedure to be applied to mixed petitions.  In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the court held that when dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings pending petitioner's exhaustion of his state-court remedies.  In the subsequent case of *Rhines v. Webber*, 544 U.S. 269 (2005), the Supreme Court approved the stay and abeyance procedure that the federal circuit courts, including the Sixth Circuit, had adopted in the wake of *Duncan v. Walker*.  In *Rhines*, the Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless."  544 U.S. at 277-78.

The present case falls within the category of cases contemplated by the Sixth Circuit in *Palmer*.  The one-year statute of limitations has now expired, so dismissal of this case without prejudice to allow exhaustion, as requested in respondent's motion to dismiss, would effectively preclude petitioner from returning to federal court on any claim after exhausting state remedies.  The two unexhausted habeas corpus claims raised in petitioner's motion do not appear to be plainly meritless, and respondent has raised no reason to believe that petitioner is proceeding in bad faith or is engaging in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277-78.

Petitioner's motion to stay should therefore be granted.  The *Palmer* court has given guidance concerning the length of such stays.  The court indicated that thirty days is a reasonable time to allow a petitioner to file a motion for post-conviction relief in the state court and that another

thirty days is a reasonable time for a petitioner to return to federal court after exhausting all state appellate remedies. *Palmer*, 276 F.3d at 781. The order recommended by this report and recommendation incorporates the time limits suggested by the *Palmer* court.

## **Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion to stay (docket # 10) be granted, respondent's motion to dismiss (docket # 8) be denied, and that the court enter an order including the following provisions:

IT IS ORDERED that this habeas corpus action is hereby stayed until petitioner files a motion to amend his petition to include any subsequently exhausted claims. This stay is conditioned upon petitioner's filing of a motion for relief from judgment in the Kalamazoo County Circuit Court pursuant to Mich. Ct. R. 6.500 within thirty days of the date of this order. Petitioner's request to amend his habeas petition in this court must be filed not later than thirty days after a final decision by the Michigan Supreme Court on petitioner's application for relief from judgment. The motion to amend the petition must include a description of the newly exhausted claims and the dates and substance of the decisions reached at each step of state-court review.

IT IS FURTHER ORDERED that if petitioner fails to comply with the deadlines imposed in this order, the court may dismiss the petition.

IT IS FURTHER ORDERED that petitioner must advise the court of any change of address during the pendency of the stay.

IT IS FURTHER ORDERED that this case is administratively closed until

such time as petitioner files a motion to amend his petition in accordance with the

procedure set forth in this order.


Dated:   January 5, 2009                              /s/  Joseph G. Scoville
                                                      United States Magistrate Judge


### NOTICE TO PARTIES

        Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).